In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-026 CV


____________________



DONNA JEAN MORGAN, Appellant



V.



MITCHELL DELANO MORGAN, Appellee






On Appeal from the 1st District Court 


Jasper County, Texas


Trial Cause No. 27294






OPINION


 This appeal concerns the trial court's imposition of a geographical residency
restriction in a divorce proceeding. See Tex. Fam. Code Ann. § 153.134(b)(1)(A) (Vernon
Supp. 2007). We affirm.

 Appellant Donna Jean Morgan sued appellee Mitchell Delano Morgan for divorce in
Jasper County in 2006. They entered into a Rule 11 agreement settling all issues except
whether the residence of Donna and their two children would be geographically restricted. 
At the conclusion of a non-jury trial on the issue, the trial court ordered that Donna, as joint
managing conservator, would have the exclusive right to designate the primary residence of
the children within the Kirbyville Independent School District. Donna appeals.

 Texas's public policy assures that children have frequent and continuing contact with
parents who have shown the ability to act in the best interest of the children and to encourage
parents to share in the duties and rights regarding raising their children after the parents have
separated or divorced. Id. § 153.001(a)(1), (3) (Vernon 2002). When ordering the
appointment of joint managing conservators, the court shall designate the conservator who
has the exclusive right to determine the primary residence of the children and establish, until
modified by further order, a geographic area in which the children are to reside. Id. §
153.134(b)(1)(A). The trial court may also specify that the conservator may determine the
children's primary residence without regard to geographic location. Id. § 153.134(b)(1)(B)
(Vernon Supp. 2007). When relocation issues are litigated in an original proceeding, the
primary consideration is the best interest of the child. Cisneros v. Dingbaum, 224 S.W.3d
245, 258 (Tex. App.--El Paso 2005, no pet.). However, it is not the burden of the party
seeking to relocate to prove there should not be a domicile restriction. Id.

 We review a trial court's order regarding conservatorship under an abuse of discretion
standard. See Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses
its discretion if it acts arbitrarily and unreasonably or without reference to any guiding
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
"The trial court is in the best position to observe the demeanor and personalities of the
witnesses and can 'feel' the forces, powers, and influences that cannot be discerned by
merely reading the record." Bates v. Tesar, 81 S.W.3d 411, 424 (Tex. App.--El Paso 2002,
no pet.). A trial court does not abuse its discretion if some evidence of a substantive and
probative character exists to support the trial court's decision. Id. at 424-25; Jenkins v.
Jenkins, 16 S.W.3d 473, 477 (Tex. App.--El Paso 2000, no pet.). "Once it has been
determined that the abuse of discretion standard applies, an appellate court should engage in
a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to
exercise its discretion; and (2) did the trial court err in its application of discretion?" 
Cisneros, 224 S.W.3d at 257.

 Donna raises three issues on appeal. In her first and second issues, Donna argues the
trial court's order restricting her right to establish the primary residence of the children
within the Kirbyville I.S.D. was an abuse of discretion and was against the great weight and
preponderance of the evidence as to the best interest of the children. She contends in her
third issue that such a geographical restriction, as allowed in section 153.134(b) and as
applied to her, creates an unconstitutional infringement on her fundamental rights to make
decisions concerning the care, custody, and control of her children. 


Best Interest of the Children


 Section 153.134(b)(1) does not provide specific factors for the trial court to consider
when determining whether a domicile restriction is in the best interest of the child. See Tex.
Fam. Code Ann. § 153.134(b)(1). However, the Texas Supreme Court in Lenz v. Lenz
considered the following factors in applying Texas's best-interest standard in the relocation
context: (1) the reasons for and against the move; (2) the effect on extended family
relationships; (3) the effect on visitation and communication with the non-custodial parent
to maintain a full and continuous relationship with the child; (4) the possibility of a visitation
schedule allowing the continuation of a meaningful relationship between the non-custodial
parent and child; and (5) the nature of the child's existing contact with both parents, and the
child's age, community ties, and health and educational needs. 79 S.W.3d 10, 15-17 (Tex.
2002). The Court in Lenz also noted that suits affecting the parent-child relationship require
balancing numerous factors and are "fact driven". Id. at 18-19. While Lenz was a
modification proceeding and not an original proceeding, we find the factors applicable here
as well. 

 Donna testified that she currently resides in Kirbyville, Texas, and wants to relocate
to the Lafayette, Louisiana area mainly for economic reasons. Donna's current boyfriend
also lives fifteen minutes from Lafayette. Donna, Mitchell, and their six-year-old daughter
and son resided in Kirbyville while Donna and Mitchell were married. Donna has a son from
a previous marriage who also lives in Kirbyville with Donna's ex-mother-in-law. 

 Donna is employed as a substitute teacher with Kirbyville I.S.D. While her job allows
her to be home when her children are not in school, her job is not a full-time job because the
school district only calls for her to work two or three days a week. Donna's monthly
expenses total $1,670 a month and she is unable to cover her monthly expenses with her
current employment and $500 from Mitchell for child support. Donna's rent on her home
is $600 a month and she has trouble making the rent payments. She drives a minivan that,
according to Donna, is not in good mechanical condition. She is not financially able to
properly repair the vehicle, although this is the same vehicle she admittedly drives to see her
boyfriend in Lafayette every two weeks. She does not have a car note, but could not afford
one on her monthly income. According to Donna, her lack of income affects her ability to
buy food and clothing for her children. 

 Donna stated that if she obtained a full-time job in the Kirbyville area, she would have
to pay for day care which would cost about $350 a month. She was unsuccessful in finding
other employment in the Kirbyville area that would provide the flexibility necessary to avoid
placing her children in after-school care. Donna inquired into possible employment with
insurance agencies and a car dealership, but these employers were not hiring at that time. 
She also inquired into employment with Brookshire Brothers but she could not work the
required hours. She did not look for employment in the surrounding areas of Jasper,
Woodville, Newton, Beaumont, Silsbee, or Lumberton. Donna was able to find two potential
jobs in Lafayette, Louisiana. She found a clerical position with a law firm that paid $1,200
per month and a customer service representative position in the finance industry that paid
$1,350 a month. Both of these jobs provided flexible work hours and would not have
required her to place the children in day care. She had only been offered the clerical position
with the law firm. Donna stated that either one of these jobs would substantially increase her
monthly income, although she admitted she did not know what rent, utilities, groceries,
health benefits, insurance, fuel, and auto repair would cost her in Lafayette. She testified that
if she accepted the full-time clerical position that her cousins, one of which she did not know
their last name, would care for her children in the summertime. Neither of the cousins
testified at trial. 

 Donna also desired to relocate to get away from Mitchell. She believes Mitchell
wants her to stay in Kirbyville so "he can have a finger on [her]." She testified that Mitchell
was physically abusive to her during the marriage, but that he has not physically abused her
in the last four years. She stated that since the date she filed for divorce she and Mitchell
have had several confrontations, to which others also testified. Donna explained that she
wants distance between her and Mitchell but does not want to deprive Mitchell of time with
the children. Donna believes the children enjoy their time with their father. 

 Mitchell testified that their children have lived in Kirbyville for almost five years,
attended school there, and were involved in sports and different activities there. He testified
that during the marriage he and Donna fought often. A week after Donna filed for divorce,
Mitchell learned Donna was seeing someone and after that relationship ended, Donna began
seeing another man. Mitchell testified that the confrontations that occurred after Donna filed
for divorce were as a result of his disapproving of Donna's boyfriends being involved with
Mitchell's and Donna's children. 

 Mitchell has exercised his visitation with the children every weekend as provided by
the court orders. He also has exercised his visitation on other occasions. Mitchell takes the
children to church every Sunday and Wednesday. Mitchell did not believe the children
would adjust well if they moved from Kirbyville. Mitchell stated that the relatives that
Donna says would help care for the children if they moved to Lafayette do not even know
the children, and that Donna had never mentioned these relatives during the marriage. 
According to Mitchell, it is in their children's best interest to know that their parents are
close in proximity. On an earlier occasion, Donna had threatened to move to Centerville,
Texas with her kids and her prior boyfriend, and Mitchell believes she wants to move to
Lafayette to be close to her current boyfriend. Mitchell is concerned that if Donna moved
to Lafayette, she would want to relocate again if her current relationship ended. 

 Mitchell's grandparents and dad and stepmother live in Kirbyville. Mitchell's mother
and stepfather live in Houston, but bought a home in Kirbyville so that they could visit their
grandchildren. Mitchell's mother and stepfather come in almost every weekend. They
usually come into town Wednesday or Thursday, but go back for church on Sunday. 
According to Mitchell, having family in Kirbyville has been beneficial over the years because
relatives have watched the children and provided support. The children are making good
grades in school and are involved in social activities with their friends in Kirbyville. 

 Under section 153.134(b)(1)(A) the trial court can establish "a geographic area" in
which the children are to reside. See Tex. Fam. Code Ann. § 153.134(b)(1)(A). We find
that the trial court could have balanced Donna's reasons for the move, and the effects on the
children's extended family relationships and visits with Mitchell and determined that it was
in the children's best interest to reside within the geographical boundaries of the Kirbyville
I.S.D. We conclude that the trial court had sufficient information upon which to exercise its
discretion. Cisneros, 224 S.W.3d at 257. Based on the evidence presented, we cannot say
the trial court erred in its application of that discretion. Id. We overrule issues one and two.

Constitutionality of Residency Restriction As Applied to Donna

 Donna maintains section 153.134(b), as applied to her, creates an unconstitutional
infringement on her fundamental rights to make decisions concerning the care, custody and
control of her children by imposing a geographic restriction on her right to establish the
primary residence of the children and make decisions regarding their education. (1)
 In
determining whether a statute is constitutional, we presume that the statute is valid and that
the legislature was neither unreasonable nor arbitrary in enacting it. Tex. Gov't Code Ann.
§ 311.021 (Vernon 2005); Tex. Pub. Bldg. Auth. v. Mattox, 686 S.W.2d 924, 927 (Tex. 1985). 
A party seeking to invalidate a statute "on its face" bears the heavy burden of demonstrating
that the statute is unconstitutional no matter how applied. United States v. Salerno, 481 U.S.
739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); Tex. Workers' Comp. Comm'n v. Garcia,
893 S.W.2d 504, 518 & n.16 (Tex. 1995). However, a party making an "as applied"
challenge must only show that the statute is unconstitutional because of the manner in which
it was applied in a particular case. Garcia, 893 S.W.2d at 518 n.16. A reviewing court must
uphold the statute if it can be construed in a manner consistent with legislative intent and is
not repugnant to the Constitution. Tex. Mun. League Intergovernmental Risk Pool v. Tex.
Workers' Comp. Comm'n, 74 S.W.3d 377, 381 (Tex. 2002); Vinson v. Burgess, 773 S.W.2d
263, 266 (Tex. 1989).

 Donna contends the Fourteenth Amendment Due Process Clause protects against
governmental interference with certain fundamental rights and liberty interests such as a
parent's fundamental right to make decisions regarding the care, custody, and control of their
children. She relies on the United States Supreme Court's decision in Troxel v. Granville
in arguing that so long as the parent is a "fit" parent, the trial court should presume that the
parent will make the best decisions regarding their children, regardless if a trial court judge
disagrees with that parent's determination of the child's best interest. Troxel v. Granville,
530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). Troxel involved a suit for grandparent
access, it did not involve a dispute between the children's parents. See id. at 60. We find
Troxel inapplicable here. 

 Donna further argues that when Mitchell and the trial court agreed by awarding her
the exclusive right to make decisions regarding the children's residence and education that
she was a "fit" parent, a presumption arose under the Due Process Clause that she would
make decisions in the children's best interests. According to Donna, the trial court placed
the burden of proof on her to refute a presumption that a restriction would be in the best
interest of the children. Mitchell agreed as part of the Rule 11 Agreement to give Donna the
exclusive right to determine the children's primary residence, but wanted the trial court to
geographically restrict that right to Kirbyville I.S.D. Under Cisneros, Donna does not bear
the burden of refuting any presumption that a restriction would be in the children's best
interests. See Cisneros, 224 S.W.3d at 258. Instead, the trial court must look at the evidence
and determine whether a geographic restriction would be in the children's best interest. 

 Donna provides no authority for her argument that the Rule 11 Agreement creates a
presumption which alters the burden of proof in an original proceeding related to a
geographic restriction. Donna has presented no evidence that the trial court required her to
refute any presumption that a geographic restriction would be in the children's best interests. 
On this record, and as stated above, the trial court considered the evidence and determined
that restricting the children's residence to Kirbyville I.S.D. was in their best interests. 

 Donna concedes that Texas courts, when faced with a constitutionality question on
the geographic restriction statute, have consistently found that the statute does not violate a
mother's right to travel. Donna distinguishes these cases and maintains they are modification
suits where, unlike here, the burden of proof was not "unconstitutionally shifted to the
primary custodial parent, with no deference made to her opinion as to the best interests of the
children." As stated above, we find the trial court did not unconstitutionally shift the burden
to Donna. The trial court's order does not prohibit Donna's right to travel to Louisiana or
any other state. See Bates, 81 S.W.3d at 437.

 Donna also argues the geographical restriction infringes on her right to make
educational decisions because if her children's residence is restricted to Kirbyville I.S.D.,
there are no choices for education. Donna relies only on Bates v. Tesar to argue that a
geographical restriction that gives no choices for education is unconstitutional. In Bates, the
appellant argued the following provision of the trial court's order interfered with her right
to make educational decisions for her children:

 IT IS ORDERED that [appellant] shall return the children . . . to Dallas
county to establish their residence, in time to register for school; which shall
be no later than August 14, 2000, when the public schools resume in Dallas
County.


Bates, 81 S.W.3d at 438-39. The appellant in Bates specifically argued that this provision
interfered with her right to enroll her children in private schools. Id. at 438. The El Paso
Court of Appeals held that the provision did not require the appellant to enroll the children
in public schools, but that "[t]he reference to the Dallas County public schools . . . operates
only to establish a time frame within which the children were to be brought back to Dallas." 
Id. at 439. Our reading of Bates does not provide authority for Donna's argument that a
geographical restriction that gives no choices for education is unconstitutional. Donna has
failed to show that section 153.134(b) is unconstitutional as applied here. Tex. Fam. Code
Ann. § 153.134(b). Issue three is overruled. We affirm the trial court's judgment.

 AFFIRMED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on September 27, 2007

Opinion Delivered May 8, 2008



Before Gaultney, Kreger, and Horton, JJ.
1. To preserve a complaint for appellate review, the complaining party must have
presented the complaint to the trial court by timely request, objection, or motion. See Tex.
R. App. P. 33.1(a)(1). This requirement applies to constitutional claims, including
constitutional claims in family-law cases. See Tex. Dep't of Protective Servs. v. Sherry, 46
S.W.3d 857, 861 (Tex. 2001); Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993). By
objecting at trial, Donna preserved error as to her third issue. See Tex. R. App. P. 33.1(a)(1);
see also Sherry, 46 S.W.3d at 861; Dreyer, 871 S.W.2d at 698.