In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-396 CV


____________________



KELLY MARIE GETSCHEL-MELANCON, Appellant



V.



JEFFREY BRIAN MELANCON, Appellee






On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-199,306






 MEMORANDUM OPINION


 This appeal concerns two provisions contained in the parties' divorce decree. Issue
one asserts that the trial court abused its discretion in imposing a geographical restriction on 
the primary residence of the parties' child. Issue two asserts that the trial court abused its
discretion by imposing curfew and dating restrictions on the parties. We affirm.

 Kelly Marie Getschel-Melancon and Jeffrey Brian Melancon were married on July
18, 2005. Approximately six weeks later, Kelly gave birth to their son. In December 2006,
Jeffrey filed a petition seeking a divorce. After a bench trial, the court granted the divorce. 
Among other provisions, the final divorce decree made Kelly and Jeffrey joint managing
conservators of their minor child and gave Kelly the exclusive right to designate the child's
residence, subject to certain geographical restrictions. The decree also prohibited the parties
from having certain evening visitors during the times they possessed the child.

 With respect to the geographical restriction on the child's primary residence, we hold
that the trial court acted within its discretion to limit Kelly's rights. With respect to the
limitation on the right of each parent to have visitors during certain evening hours, we hold
that Kelly has not met her burden of showing the trial court abused its discretion.
Accordingly, we also overrule issue two.

Standard of Review


 The Texas Family Code directs that the child's best interest "shall always be the
primary consideration of the court in determining the issues of conservatorship and
possession of and access to the child." Tex. Fam. Code Ann. § 153.002 (Vernon 2002). 
The appellate court views such determinations under an abuse of discretion standard. 
Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). The trial court abuses its discretion
if it acts arbitrarily or unreasonably. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).



Geographical Restriction 


 When, as here, a trial court orders appointment of joint managing conservators, the
court must either "establish, until modified by further order, a geographic area within which
the conservator shall maintain the child's primary residence" or "specify that the conservator
may determine the child's primary residence without regard to geographic location." Tex.
Fam. Code Ann. § 153.134(b)(1)(A), (B) (Vernon Supp. 2008). The divorce decree
established Jefferson County, Texas and its contiguous counties as the geographic area within
which Kelly is to maintain the child's primary residence.

 During the trial, Kelly testified that she had no plans to relocate from Jefferson
County, that her aunt lived in Mauriceville, and that her uncle lived in Lumberton. While
Kelly testified that she owned some land in Louisiana, she never testified that she wanted to
move there or that she had family members who currently live there. According to Kelly, she
had lived in Texas most of her life since graduating from high school. Finally, Kelly testified
that it was in their child's best interest to see his father regularly.

 While the Family Code does not provide the factors a trial court should follow when
deciding whether to impose domicile restrictions on a custodial parent, the Texas Supreme
Court outlined relevant considerations in Lenz v. Lenz, 79 S.W.3d 10, 15-17 (Tex. 2002). 
Lenz involved a primary custodial parent's right to modify a joint managing conservatorship
to remove a residency restriction. Id. at 11. The Lenz Court considered the following factors
in determining whether relocation was in the child's best interest: (1) the reasons for and
against the move; (2) the effect on extended family relationships; (3) the effect on visitation
and communication with the non-custodial parent to maintain a full and continuous
relationship with the child; (4) the possibility of a visitation schedule allowing the
continuation of a meaningful relationship between the non-custodial parent and child; and
(5) the nature of the child's existing contact with both parents, and the child's age, community
ties, and health and educational needs. 79 S.W.3d at 15-17. We have previously applied the
Lenz factors to evaluate whether a trial court abused its discretion in a divorce proceeding
when it imposed a geographical restriction on the custodial parent's right to designate the
child's residence. See Morgan v. Morgan, 254 S.W.3d 485, 487-88 (Tex. App.-Beaumont
2008, no pet.). 

 Lenz's first factor, the reasons for the move, is not relevant since Kelly had no plans
to move. With respect to the child's extended family relationships, all of the child's relatives
appear to live within the restriction imposed by the decree. With respect to the third factor,
which considers the interests of the non-custodial parent, the restriction will assist in
allowing the child's father to maintain a close relationship with his son. With respect to
factor four, the visitation schedule, the restriction appears to benefit the schedule. Finally,
we see no evidence that the restriction will negatively impact the child's existing contacts
with his parents given the child's age and community ties, and there is no testimony that was
relevant to any special health or educational needs. 

 While Kelly argues that the restriction will prevent her from moving if she decides to
do so in the future, the decree is sufficiently flexible to allow the judge to consider whether
to modify it in the event Kelly actually anticipates moving to a location outside the area
identified in the decree. The decree specifically provides that it is subject to modification by
the court, by written agreement of the parties, or in the event that Jeffrey moves from the
same area. Moreover, the Family Code, where there is a material change in circumstances,
allows a court to modify previous orders when the modification is shown to be in the child's
best interest. Tex. Fam. Code Ann. § 156.101 (Vernon Supp. 2008). Thus, based on the
testimony and under the circumstances before the trial court, we conclude the court was
entitled to weigh any burden on Kelly against the child's interest in having full and
continuous relationships with his father and other nearby relatives.

 Further, we find that the trial court had sufficient information upon which to exercise
its discretion. Cisneros v. Dingbaum, 224 S.W.3d 245, 257 (Tex. App.-El Paso 2005, no
pet.) (explaining that abuse of discretion review requires an inquiry into whether the trial
court had sufficient information upon which to exercise its discretion and whether it erred
in its application of discretion). We hold that Kelly has not demonstrated any abuse of
discretion in the trial court's ruling that restricts her right to designate the child's primary
residence. We overrule issue one.

Restriction on Certain Evening Visitors 


 At trial, the parties raised numerous issues that the trial court resolved. The divorce
decree is forty-four pages long, and while it dissolves the parties' marriage, it also
adjudicates conservatorship issues, establishes possession rights and obligations, declares the
respective interest of each spouse in that spouse's separate property, and divides the parties'
community property and debt. Among its provisions is the visitor-restriction clause contested
by Kelly in issue two. The clause provides that neither party "shall permit a person with
whom the party has a dating relationship or intimate sexual relationship to remain in the
party's residence with the child between the hours of 10:00 PM and 6:00 AM the next day." 

 Kelly contends that the court gave no reasons for its decision to include this restriction
and that it abused its discretion by acting arbitrarily and unreasonably. Kelly argues that the
clause restricts her from socializing and that "[j]uveniles are allowed more time with their
sweethearts than [she will have]." Kelly further argues that the order was imposed on her
so that Jeffrey could control her activities.

 Kelly seems to contend that the restriction affects only her, but the clause applies
equally to Jeffrey. In addition, she fails to argue that the restriction adversely affects the
child's best interest, a concept that is the "primary consideration of the court in determining
the issues of conservatorship and possession of and access to the child." See Tex. Fam.
Code Ann. § 153.002; Lenz, 79 S.W.3d at 14. 

 The trial court specifically found that the restrictive provision was in the child's best
interest. In the absence of argument and authorities contending to the contrary, we decline
to find that the trial court abused its discretion. See Tex. R. App. P. 38.1 (e), (h); Pat Baker
Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court
cannot reverse a trial court's judgment absent properly assigned error."). We overrule issue
two and affirm the trial court's judgment.

 AFFIRMED.

 

 ____________________________

 HOLLIS HORTON

 Justice



Submitted on July 28, 2008

Opinion Delivered October 16, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.