NO. 07-09-0032-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 14, 2009
______________________________

In the Interest of A.S., A Child
______________________________

FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-FM-04-008035; HON. LORA LIVINGSTON, PRESIDING
______________________________

Opinion
______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Andrea Hayes (Hayes), the mother of A.S., appeals from an order of the trial court
restricting the geographic location of the child’s primary residence. She contends that the
order 1) violates the Family Code, 2) violates her constitutional right to travel, 3) violates
her constitutional right to raise her child as she sees fit, and 4) fails to protect her safety
and well being as a victim of family violence. We affirm. 
          Background
          Hayes moved to Austin, Texas from Kansas City, Missouri in 2001 to attend college.
There she met Christopher Sosa (Sosa), and the two decided to live together in December
of 2001. During that period, Hayes fell victim to physical abuse committed by Sosa. The
record discloses that his aggression against Hayes resulted in one or more criminal
convictions. Eventually, Hayes left him but not before giving birth to A.S. 
          Upon initiating suit to determine issues of custody and the like, Hayes was
designated the child’s sole managing conservator. However, the trial court restricted her
ability to choose the boy’s residence to locales anywhere within Travis County and those
counties “contiguous” to it. The limitation was imposed to afford Sosa, who was appointed
possessory conservator, opportunity to see his son. That limitation forms the basis of the
dispute before us because Hayes hoped to move back home to Kansas City, Missouri.
          Issue 1 - Statutory Violation
          Via her first issue, Hayes asserts that the trial court could not lawfully impose the
aforementioned restriction because it had appointed her sole managing conservator and,
as such, she had the exclusive authority to select the child’s primary residence. We
overrule the issue.
          It is true, as Hayes suggests, that the legislature specified that a trial court could
geographically restrict a child’s residence when his parents act as joint managing
conservators. Tex. Fam. Code Ann. §153.134(b)(1)(A) (Vernon Supp. 2009). Yet, we are
cited to no statute that expressly denies like authority to a trial judge when a particular
parent is awarded the status of sole managing conservator. Nor did our own research
uncover any. Indeed, not even §153.132(1) of the Family Code can be read to do so
despite providing that a sole managing conservator has the exclusive right to “designate
the primary residence of the child.” Id. §153.132(1) (Vernon 2008). This is because that
statute contains the preface “[u]nless limited by court order.” Id. And, by including that
phrase in §153.132, the legislature made it clear that the itemized rights were not absolute
but rather subject to limitation.
          Other provisions of the Family Code also guide our resolution of the point. The first
is that declaring the State’s public policy. Via §153.001, the legislature said that:
          [t]he public policy of this state is to:
 
(1) assure that children will have frequent and continuing contact with
parents who have shown the ability to act in the best interest of the child;
(2) provide a safe, stable, and nonviolent environment for the child; and
(3) encourage parents to share in the rights and duties of raising their child 
after the parents have separated or dissolved their marriage.
Id. §153.001(a).
Another reads:
[t]he best interest of the child shall always be the primary consideration of the 
court in determining the issues of conservatorship and possession of and
access to the child.
Id. §153.002.
That the desire of a sole managing conservator to move away from Texas may affect
“issues of . . . access” is beyond question. So too does it implicate public policy seeking
to “assure that children . . . have frequent and continuing contact with parents . . .” and
“encourag[ing] parents to share in the rights and duties of raising their child after . . . [they]
have separated or . . .” divorced. Indeed, it was the former that led the court in Sanchez
v. Sanchez, No. 04-06-0469-CV, 2007 Tex. App. Lexis 5166 (Tex. App.–San Antonio July
3, 2007, pet. denied) to recognize that residency restrictions may be imposed upon a sole
managing conservator if warranted by the child’s best interests. Id. at *8. Given the
preface to §153.132, the State’s public policy, and the need to protect the child’s best
interests, we see no reason to deviate from Sanchez and, therefore, disagree with Hayes.
          Issues Two and Three – Constitutional Violation
          In her next two issues, Hayes asserts that the geographic restriction at bar violated
her constitutional rights. However, these contentions were not raised below. Thus, the
issues were waived and are overruled. See Morgan v. Morgan, 254 S.W.3d 485, 490 n.1
(Tex. App.–Beaumont 2008, no pet.) (stating that constitutional claims in family law cases
must be preserved); Hollifield v. Hollifield, 925 S.W.2d 153, 156-57 (Tex. App.–Austin
1996, no writ) (stating that the failure to apprise the court of an equal protection argument
waived the issue on appeal). 
          Issue Four – Protective Order
          Finally, Hayes asserts that the trial court failed to abide by §153.004(d)(2) of the
Family Code and rendered a possession order protecting her safety and well being given
her status as a victim of family violence. We overrule the issue.
          The record currently before us fails to reveal that the purported omission was
brought to the trial court’s attention as required by Texas Rule of Appellate Procedure
33.1(a)(1). This is of particular importance since the trial judge afforded both litigants
opportunity to comment about her decision before recessing. So too was the judge under
the belief (as evinced by her own utterance to both counsel at trial) that no motions for a
protective order were pending. Despite these circumstances, Hayes did not mention
§153.004(d)(2) to the trial court. Nor did she allude to the need to enter a protective order
of the type encompassed by §153.004(d)(2). Because Hayes remained silent when given
the chance to say something about the relief now sought, we conclude that this issue was
waived as well.
          In sum, the record contains some sad occurrences, many of which happened in the
presence of A.S. Indeed, Sosa admitted at trial to being physically abusive. Other
testimony not only bore this out but also indicated that his unacceptable behavior has
befallen one or more women after Hayes left. Yet, on appeal, he attempts to minimize his
conduct. That is hardly the type of role model to which A.S. should be exposed. Abusing
one’s spouse or partner is simply wrong. Nonetheless, we cannot say that the trial court
abused its discretion in entering the orders that it did, and because it did not, we must stay
our hand.  
          Accordingly, the order of the trial court is affirmed.
 
                                                                           Brian Quinn
                                                                          Chief Justice