In the Interest of K.L.W., a Child.

No. 05–08–001298–CV.

Court of Appeals of Texas, Dallas.

Nov. 23, 2009.

Vicki Thornton Redden, Law Office of Vicki Thornton Redden, Michael L. Brummett, Dallas, TX, for Appellant.

Kathy Jane Erickson, McKinney, TX, Susan Lea Hays, Geisler Hays, LLP, Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices RICHTER and FILLMORE.

**OPINION**

Opinion By Justice FILLMORE.

Appellant Erika Berenice Wadley (Erika) appeals a decree of divorce dissolving her marriage to appellee David Matthew Wadley (David). In a single issue, Erika contends the trial court abused its discretion in granting David the exclusive right

to designate the primary residence of the parties' child, K.L.W., without regard to geographic restriction. We affirm the trial court judgment.

## Background

Erika and David were married in April 1996. K.L.W. was born in March 2005. Erika moved out of the marital home in August 2007. Shortly thereafter, Erika moved into the house of her married boyfriend Steven Housley. In October 2007, David filed a petition for divorce in which he sought to be designated as the conservator who has the exclusive right to designate the primary residence of K.L.W. David also sought an order of no contact between K.L.W. and Steven Housley (Steven). Erika filed an answer and counterpetition to be designated as conservator who has the exclusive right to designate the primary residence of K.L.W., with the residence of the child being restricted to Collin County, Texas.

The trial court conducted a bench trial in June 2008, with the parties presenting evidence on the conservatorship issues. The trial court heard testimony of David; Erika; Denise Housley, wife of Erika's boyfriend, Steven; Amanda Rhodes of Child Protective Services regarding Steven's refusal of a urinalysis drug test and his acknowledgment of drug use; Pat Beverly, director of the day care center attended by K.L.W.; Raphaela Rebollar, Erika's mother; and, Bradley and Sandra Parsons, friends of David and Erika.

The trial court granted the divorce and dissolved the marriage on the ground of Erika's adultery. The divorce decree awarded David sole managing conservatorship with the unrestricted right to deter-mine the residency of the child and kept the prior temporary order in force prohibiting contact between K.L.W. and Steven. Erika filed a motion for new trial. Following the hearing on the motion for new trial, the trial court signed the First Amended Final Decree of Divorce. The amended divorce decree appointed Erika and David joint managing conservators of K.L.W. David was granted the exclusive right to designate the primary residence of K.L.W. without any geographic restriction. Erika was appointed the possessory conservator of K.L.W. and was granted a non-expanded standard possession order schedule of visitation under Subchapter F of the family code. See TEX. FAM.CODE ANN. §§ 153.311–.317 (Vernon 2008, Supp. 2009).[1] The amended divorce decree contains the continued prohibition against K.L.W. being in the presence of Steven.

This appeal ensued. Erika challenges the legal and factual sufficiency of the evidence to support the trial court's order that David has the exclusive right to designate the primary residence of K.L.W. without regard to geographic restriction.

## Standard of Review

We review a trial court's decision regarding child custody, control, possession and visitation under an abuse of discretion standard. *Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex.App.-Dallas 1999, no pet.). The trial court's judgment will only be disturbed where the record as a whole shows that the trial court abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982); *Stallworth v. Stallworth*, 201 S.W.3d 338, 347 (Tex.App.-Dallas 2006, no pet.). A trial court abuses its discretion when it acts in an arbitrary or

---

1. Effective September 1, 2009, the Legislature amended family code sections 153.311, .312, .313, .314, .315, and .317 and added section 153.3162. The September 1, 2009 amend-ments and addition are not applicable to the issues in this appeal and, for convenience, we will cite to the amended statute in this opinion.

unreasonable manner or when it acts without reference to any guiding principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (per curiam); *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex.App.-Dallas 2009, no pet.).

Because the traditional sufficiency standard of review overlaps with the abuse of discretion standard in family law cases, legal and factual sufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *In re A.B.P.*, 291 S.W.3d at 95; *Peck v. Peck*, 172 S.W.3d 26, 33 (Tex.App.-Dallas 2005, pet. denied). To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its exercise of that discretion. *Vardilos v. Vardilos*, 219 S.W.3d 920, 921 (Tex.App.-Dallas 2007, no pet.). We conduct the applicable sufficiency review with regard to the first question. *A.B.P.*, 291 S.W.3d at 95; *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied). We then proceed to determine whether, based on the evidence, the trial court made a reasonable decision. *Moroch*, 174 S.W.3d at 857. If some evidence of a substantive and probative character exists to support the trial court's decision, there is no abuse of discretion. *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.-Dallas 2008, no pet.).

## Discussion

When the trial court appoints joint managing conservators, the court must designate the conservator who has the exclusive right to determine the primary residence of the child and must either establish a geographic area within which the conservator shall maintain the child's primary residence or specify that there are no geographic restrictions. TEX. FAM.CODE ANN. § 153.134(b)(1) (Vernon Supp. 2009). In this case, the trial court ordered David has the right to designate K.L.W.'s primary residence without regard to geographic location. *See* TEX. FAM.CODE ANN. § 153.134(b)(1)(B).

"The best interest of the child shall always be the primary consideration of the court in determining issues of conservatorship and possession of and access to the child." TEX. FAM.CODE ANN. § 153.002 (Vernon 2008). Cases such as the case at bar are "intensely fact driven, which is why courts have developed best-interest tests that consider and balance numerous factors." *Lenz v. Lenz*, 79 S.W.3d 10, 18–19 (Tex.2002). Section 153.134 is silent as to factors a trial court should consider when determining whether a domicile restriction is in the best interest of the child.

In the context of residency restrictions and authorization of relocation, the supreme court has instructed us to consider the public policies outlined in family code section 153.001(a). *Lenz*, 79 S.W.3d at 14. Section 153.001 states that the public policy of Texas is to:

(1) assure that children will have frequent and continuing contact with parents who have shown an ability to act in the best interest of the child;

(2) provide a safe, stable, and nonviolent environment for the child; and

(3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.

TEX. FAM.CODE ANN. § 153.001(a)(1)-(3) (Vernon 2008). The *Lenz* court noted that a wide array of other factors can be relevant to the determination of a child's best interest after a parental relocation. These include the (1) reasons for and against the

move, (2) education, health, and leisure opportunities afforded by the move, (3) accommodation of the child's special needs or talents, (4) effect of extended family relationships, (5) effect on visitation and communication with the noncustodial parent, (6) noncustodial parent's ability to relocate, and (7) the child's age. *Lenz*, 79 S.W.3d at 15–16.[2] We may also consider the general factors relevant to the best interest of a child, such as (1) the child's desires, (2) the child's current and future physical and emotional needs, (3) any physical or emotional danger to the child in the present or future, (4) the parental abilities of the individuals involved, (5) the programs available to those individuals to promote the child's best interest, (6) the plans for the child by these individuals, (7) the stability of the home, (8) acts or omissions by a parent tending to show that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex.1976).

Here the trial court entered findings of facts and conclusions of law in support of its order. Pertinent to this appeal, the trial court's findings are summarized as follows:

- Erika moved out of her marital home in August 2007 and into her married boyfriend Steven's home, and Erika has been living in an adulterous relationship with Steven. Steven was still sleeping with his wife, Denise Housley (Denise), while this case was pending in the trial court. Erika told a family friend that she was trying to become pregnant with Steven's child.
- When Erika tried to take K.L.W. to Steven's home, David filed for relief. The parties agreed to temporary orders that provided David would have the right to designate the residence of K.L.W. The October 17, 2007 temporary orders further provided for no contact between K.L.W. and Steven.
- Between the entry of the temporary orders and the June 2008 bench trial, Erika did not exercise all visitation with K.L.W. that was granted, and Erika did not take K.L.W. overnight during pendency of the divorce proceeding.
- Steven has an extensive drug history and criminal history, and at trial Erika admitted knowing certain things about Steven's drug history, ongoing drug use, and criminal history. Steven admitted drug usage in January 2008 to a Child Protective Services worker, and he tested positive for marijuana in February 2008. Denise testified she had known her husband, Steven, for eighteen years and never known him to remain clean and sober for any length of time, not even when he was on probation or after drug rehabilitation. Denise testified Steven used marijuana, cocaine, and acid, and she saw him smoke marijuana in January 2008.
- Denise testified Steven was verbally abusive, he tried to choke her, and they had fights in front of her son.
- Steven took a picture of Erika and K.L.W. nude in a bathtub.
- Steven taunted David via text messaging about sleeping with Erika.
- Erika shot Denise in the abdomen at Steven's home. Denise testified the shooting took place in front of her son. Erika was fired from her job for missing too much work after the shooting. Erika obtained new employment.

---

**2.** While *Lenz* was a modification proceeding and not an original proceeding, the factors are applicable in an appeal of a trial court's imposition of a geographic residency restriction in a divorce proceeding. *Morgan v. Morgan*, 254 S.W.3d 485, 488 (Tex.App.-Beaumont 2008, no pet.).

- Prior to Erika's leaving her marital home, she and David shared parenting duties. If K.L.W. was crying, sick or hurt, she would go to David.

- Erika gave David a card on February 14, 2006 which called him an "awesome Dad" and in which Erika thanked God for bringing David into her life.

- K.L.W.'s long term child care provider testified that David was an excellent caretaker, K.L.W.'s world revolved around David, K.L.W. loves David, and K.L.W. is well adjusted, happy, and smart.

- David and Erika discussed and planned moving to Wyoming prior to Erika's extramarital affair. David filed an Intent to Move to Wyoming prior to David and Erika separating. Erika did not file an intent as she is not a citizen of the United States.[3]

In its conclusions of law, the trial court determined:

> That [David] has been the primary parent of the child [K.L.W.] and that he is the parent who has the ability and skills necessary to be the primary joint managing conservator and that he consistently gives his first priority to the welfare of [K.L.W.], including properly seeking court intervention to protect [K.L.W.]. The Agreed Temporary Orders may very well have prevented [K.L.W.] from being exposed to the domestic violence which occurred between [Erika] and [Erika's] married boyfriend's wife.

> That [K.L.W.] has been well cared for by [David] and [K.L.W.] has strong emotional bonds to [David].

> [David and Erika] should be named joint managing conservators of [K.L.W.] with [David] enjoying the rights and duties of a sole managing conservator as set forth in the First Amended Final Decree of Divorce. It is in the best interest of [K.L.W.], and is necessary to protect her physical and emotional health, that [David] have the right to designate [K.L.W.'s] residence and that [David] enjoy all the rights and duties of a sole managing conservator.

> It is in the best interest of [K.L.W.] that [David] be named as the conservator with the right to designate [K.L.W.'s] primary residence without regard to geographical location.

> [Erika] is entitled to periods of possession of [K.L.W.] pursuant to the Standard Possession Order as set forth in the First Amended Final Decree of Divorce.

> [K.L.W.] should never be in the presence of [Erika's] married boyfriend Steven F. Housley due to his criminal history and long history of illegal drug use as well as the domestic violence which occurred between [Erika] and Steven F. Housley's wife Denise Housley wherein [Erika] shot Denise Housley. This is necessary to protect the health and welfare of the child.[4]

The trial court, as the fact finder in this case, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See City of Keller v. Wil-*

---

**3.** Since the divorce decree was signed, David has moved with K.L.W. to Wyoming. "We do not reevaluate the trial court's original determination of who should have the right to designate a geographic location based upon a particular contemplated or subsequent relocation." *Womack v. Womack,* No. 10–05–00182–CV, 2006 WL 1911004, *5 (Tex.App.-

Waco July 12, 2006, no pet.) (Gray, J., concurring).

**4.** The final divorce decree contains an order that K.L.W. "shall NEVER be in the presence of Steven F. Housley." (Emphasis in original.)

*son,* 168 S.W.3d 802, 819 (Tex.2005). In an appeal from a bench trial, findings of fact are the equivalent of jury answers to special issues. *Lindsey v. Lindsey,* 965 S.W.2d 589, 591 (Tex.App.-El Paso 1998, no pet.). The unchallenged findings of fact are binding on this Court unless the contrary is established as a matter of law or there is no evidence to support the finding. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986).[5] This Court cannot substitute its conclusions for those of the trial court if there is sufficient competent evidence of probative force to support the trial court's findings. *Lindsey,* 965 S.W.2d at 591.

The trial court's extensive findings of fact affirmatively indicate it considered the relevant factors listed in family code section 153.001(a) and applicable factors discussed in *Holley* and *Lenz. See* TEX. FAM. CODE ANN. § 153.001(a); *Holley,* 544 S.W.2d at 371–72; *Lenz,* 79 S.W.3d at 15–16.[6] Those findings of fact are supported by the record. Additionally, the findings support the court's conclusions of law that is it in the best interest of K.L.W., and is necessary to protect her physical and emotional health, that David have the right to designate K.L.W.'s residence without regard to geographic location.

In determining which conservator will have exclusive right to establish primary residence under section 153.134(b), the trial court is vested with broad discretion. *Dennis v. Smith,* 962 S.W.2d 67, 70 (Tex. App.-Houston [1st Dist.] 1997, pet. denied). *See Gardner v. Gardner,* 229 S.W.3d 747, 753–54 (Tex.App.-San Antonio 2007, no pet.) (no abuse of discretion to award husband, non-parent, right to determine child's primary residence); *Long v. Long,* 144 S.W.3d 64, 70–71 (Tex.App.-El Paso 2004, no pet.) (affirming trial court's order awarding father right to establish primary residence of children without regard to geographic location). After reviewing the record, we conclude the trial court had sufficient evidence upon which to exercise its discretion and, based on the evidence concerning all relevant circumstances at the time of the bench trial, did not abuse that discretion in finding it was in K.L.W.'s best interest for David to be designated the conservator with the exclusive right to determine K.L.W.'s primary residence without geographic restriction.

### Conclusion

We overrule Erika's single issue. We affirm the trial court's judgment.

---

**5.** Erika requested findings of fact and conclusions of law and filed a notice of past due findings of fact and conclusions of law. The trial court entered findings of fact and conclusions of law after the appeal was filed, but more than a month and a half before Erika's appellate brief was filed. In her reply brief, Erika states she did not receive notice the trial court entered findings of fact until after she had filed her appellant's brief. Erika makes no complaint that the findings of fact and conclusions of law were untimely or harmed her presentation of her case, nor does Erika challenge the findings of fact and conclusions of law. *See Robles v. Robles,* 965 S.W.2d 605, 610 (Tex.App.-Houston [1st Dist.]

1998, pet. denied) (unless they can show injury, litigants have no remedy if trial court files untimely findings). *Compare In re D.M.D.,* No. 05–07–01045–CV, 2009 WL 280465, *2 (Tex.App.-Dallas Feb. 6, 2009, no pet.) (appellant complained in reply brief of findings of fact and conclusions of law signed a week after appellant filed appellate brief).

**6.** The absence of a specific finding on the remaining factors does not show the trial court did not consider those factors. *See In re Marriage of Walker,* No. 07–03–0531–CV, 2005 WL 3488931, at *4 n. 3 (Tex.App.-Amarillo December 20, 2005, no pet.).