Opinion issued April 18, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00308-CV

————————————

## ANNE MORELAND DORAI, Appellant

## V.

## SURI DORAI, Appellee

On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Case No. 11-DCV-190567

## MEMORANDUM OPINION

Anne Moreland Morai appeals from a decree of divorce dissolving the marriage between her and Suri Dorai. In four issues, Anne argues the trial court (1) erred by mischaracterizing certain property as Suri's separate property, (2)

abused its discretion by denying her motion for new trial, (3) abused its discretion by assigning Suri the responsibility of designating their child's primary residence, and (4) abused its discretion by denying her motion for continuance. Suri requested in a motion that we dismiss the appeal under the acceptance of the benefits doctrine.

We dismiss as moot Anne's first, second, and fourth issues. We further affirm the judgment of the trial court.

## Background

Anne and Suri were married on March 23, 2004. They had one child. On June 9, 2011, Suri filed a petition for divorce. Anne answered and filed a counter-petition for divorce. The parties went to trial on January 10, 2012. The trial court issued its final decree of divorce about two weeks later.

At trial, Suri requested a joint conservatorship with Anne having the right to designate the child's primary residence. Anne requested sole managing conservatorship. During the trial, the trial court expressed concerns about assigning Anne the right to designate the child's primary residence. Suri admitted that he felt conflicted about his request for Anne to make the determination, but ultimately stood by his request. In the judgment, the trial court assigned Suri and Anne as joint conservators of their child with Suri having the right to designate the child's primary residence.

2

Later that year, after Anne had filed her notice of appeal, the trial court signed an order requested by the parties concerning conveyance of title in their two homes. The order explains that, at a hearing on a number of motions, the parties had reached an agreement on the disposition of two homes acquired during the marriage; that the order reflected the agreement of the parties; and that the parties requested the trial court to enter the agreement as an order of the court. The order required Suri to "execute a Special Warranty Deed conveying all rights, title and interest" in their Maryland home to Anne. It further required Suri to execute any further deeds if the special warranty deed was insufficient to convey full title in the home to Anne. The order required the conveyance to be completed on the date the order was signed.

## Acceptance of the Benefits

Under the acceptance of the benefits doctrine, "[a] litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950). "The doctrine arises most often in divorce cases in which one spouse accepts certain assets awarded by the judgment and then seeks to appeal the remainder of the judgment." *Williams v. LifeCare Hosps. of N. Tex.*, 207 S.W.3d 828, 830 (Tex. App.—Fort Worth 2006, no pet.). If he accepts the benefits of a judgment, a party is estopped from challenging that

judgment on appeal. *Waite v. Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). In that event, the appeal is rendered moot and must be dismissed. *Harlow Land Co., Ltd. v. City of Melissa*, 314 S.W.3d 713, 716 (Tex. App.—Dallas 2010, no pet.).

The appellee bears the burden of proof to establish application of the acceptance of the benefits doctrine. *Richards v. Richards*, 371 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The parties may rely on affidavits and other satisfactory evidence to establish whether the appellate court retains jurisdiction over the appeal. *See id.* (citing TEX. GOV'T CODE ANN. § 22.220(c) (Vernon Supp. 2011); TEX. R. APP. P. 10.2).

An appellant may avoid the application of the acceptance of the benefits doctrine by showing the application of either of two exceptions: (1) acceptance of the benefits of the judgment was a result of financial duress or other economic circumstances or (2) reversal of the judgment on the grounds appealed could not possibly affect the appellant's right to benefits accepted. *Williams*, 207 S.W.3d at 830; *Waite*, 150 S.W.3d at 803–04. These exceptions are narrow. *Waite*, 150 S.W.3d at 804. The appellant bears the burden of establishing the application of the exceptions. *Richards*, 371 S.W.3d at 415.

One of the bases that Suri presents for establishing that Anne has accepted the benefits of the bargain is that Anne has taken legal possession of the home

4

awarded to her in the divorce. On January 4, 2013, the trial court signed an order requested by the parties. The order explains that, at a hearing on a number of motions, the parties had reached an agreement on the disposition of two homes acquired during the marriage; that the order reflected the agreement of the parties; and that the parties requested the trial court to enter the agreement as an order of the court. The order required Suri to "execute a Special Warranty Deed conveying all rights, title and interest" in their Maryland home to Anne. It further required Suri to execute any further deeds if the special warranty deed was insufficient to convey full title in the home to Anne. The order required the conveyance to be completed on the date the order was signed.

A party to a judgment accepts the benefits of the judgment when she seeks and obtains legal title to real property awarded in the judgment. *See Waite*, 150 S.W.3d at 804. Accordingly, we hold that Suri has met his burden of establishing that Anne accepted the benefits of the judgment.

Anne did not respond to Suri's argument that she had accepted the benefits of the judgment. Accordingly, no grounds have been presented for considering whether Anne meets any of the available exceptions.

Typically, accepting the benefits of a judgment moots the entire appeal. *See Carle*, 234 S.W.2d at 1004 (holding "[a] litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he

cannot afterward prosecute an appeal therefrom"); *Harlow Land Co.*, 314 S.W.3d at 716 (holding "[i]f the [acceptance of the benefits] doctrine applies, the appeal is rendered moot, and the proper disposition is dismissal"). This is not always the case, however. *See, e.g.*, *Tomsu v. Tomsu*, 381 S.W.3d 715, 717 (Tex. App.—Beaumont 2012, no pet.) (holding acceptance of benefits doctrine applied and continuing to analyze issue concerning spousal maintenance).

Anne's third issue concerns whether the trial court abused its discretion by assigning Suri the responsibility of designating their child's primary residence. This is a matter that concerns the best interest of the child. *See* TEX. FAM. CODE ANN. § 153.002 (Vernon 2008) ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."). The best interest of the child is a paramount concern that frequently trumps procedural concerns. *See Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967) (holding "[t]echnical rules of practice and pleadings are of little importance in determining issues concerning the custody of children").

We have found no case holding that a parent's acceptance of the benefits concerning the division of the marital estate can prevent review of the paramount concern of the best interest of the child, and we find no reason to create such a holding. The rationale behind the acceptance of the benefits doctrine is that an

6

appellant should not be permitted to accept the benefits of one portion of the judgment while trying to obtain a better result in another portion. *See Carle*, 234 S.W.2d at 1004. But a review of the best interest of the child concerns what benefits the child, not the parent. *See Dupree v. Tex. Dept. of Protective & Regulatory Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ) (holding concern is for best interest of child not for best interest of parent). Accordingly, we hold that a parent's acceptance of the benefit of the division of the marital estate does not moot review of a matter concerning the best interest of the child.

We grant Suri's motion to dismiss as it relates to Anne's first, second, and fourth issues. Accordingly, we dismiss as moot Anne's first, second, and fourth issues. We deny the remainder of Suri's motion.

### Designating the Child's Primary Residence

In her third issue, Anne argues the trial court abused its discretion by assigning Suri the responsibility of designating their child's primary residence.

### A. Standard of Review

A trial court has broad discretion regarding conservatorship and determination of which conservator will have the exclusive right to establish the child's primary residence. *In re K.L.W.*, 301 S.W.3d 423, 428 (Tex. App.—Dallas 2009, no pet.) (citing *Dennis v. Smith,* 962 S.W.2d 67, 70 (Tex. App.—Houston [1st Dist.] 1997, pet. denied)). Conservatorship determinations are subject to

7

review only for abuse of discretion, and they may be reversed only if the decision is arbitrary and unreasonable. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *In re K.R.P.*, 80 S.W.3d 669, 674 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). We view the evidence in the light most favorable to the trial court's decision and indulge every legal presumption in favor of its judgment. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We will reverse only if the trial court abused its discretion by acting without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). There is no abuse of discretion if some evidence supports the decision. *Holley*, 864 S.W.2d at 706.

## B.    Analysis

At trial, Suri requested a joint conservatorship with Anne having the right to designate the child's primary residence. Anne requested sole managing conservatorship. During the trial, the trial court expressed concerns about assigning Anne the right to designate the child's primary residence. Suri admitted that he felt conflicted about his request for Anne to make the determination, but ultimately stood by his request. In the judgment, the trial court assigned Suri and Anne as joint conservators of their child with Suri having the right to designate the child's primary residence.

Anne argues the trial court abused its discretion by assigning Suri the right to designate the child's primary residence because their child had resided with Anne during the pendency of the divorce. She also argues that the parties had agreed that Anne would have the right to designate the child's primary residence.

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002. Anne does not explain how the child's primary residence during the pendency of a divorce proceeding would have controlling influence over the trial court's determination of which parent will have the right to designate the child's primary residence after the divorce. We find no reason to create such a rule.

If certain requirements are met, the trial court must render an order of conservatorship in conformity with a written agreed parenting plan. TEX. FAM. CODE ANN. § 153.133(a) (Vernon Supp. 2012). Even assuming there was a general agreement about who should designate the child's primary residence, the agreement was not written and did not otherwise conform with section 153.133 of the Texas Family Code. When there is no written agreement, the decision is made by the trial court based upon the best interest of the child. TEX. FAM. CODE ANN. § 153.134 (Vernon 2008). Accordingly, an unwritten general agreement does not

establish that the trial court abused its discretion by assigning Suri the right to designate the child's primary residence.

Finally, Anne argues that there is no evidence to support the trial court's determination. She next argues,

> The record reveals that the trial court judge sanctioned Anne Moreland Dorai numerous times all of which were the result of her mental disability which prevented her from understanding the judge's instructions or allowing Anne Moreland Dorai to remain focused on the issues at trial. The record shows numerous occasions in which Anne Moreland Dorai's disability interfered with the trial and when taken all together more than likely resulted in the court making its conservatorship decision inconsistent with the wishes of the parents.

We conclude that Anne's admitted difficulty in following instructions and remaining focused during the span of a one-day trial could have been a basis for the trial court to conclude that her mental disability could similarly impair her in the rearing of her child. This is some evidence, then, upon which the trial court could have ruled that Suri should have the right to designate the child's primary residence.

We hold that Anne has not established that the trial court abused its discretion by appointing Suri as the parent to have the right to designate the child's primary residence. We overrule Anne's third issue.

**Conclusion**

We dismiss as moot Anne's appeal of the portion of the trial court's judgment concerning characterizing and dividing the marital estate. We further

10

affirm the judgment of the trial court as it relates to the right to designate the child's primary residence.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.