

## NUMBER 13-13-00593-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF I. O. G. R., A CHILD

### On appeal from the 53rd District Court
### of Travis County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion by Chief Justice Valdez

Appellant, J.R., appeals the trial court's granting of a motion to modify a final divorce decree filed by appellee, his child's mother.[1]  By two issues, appellant contends that the trial court erroneously relied on inadmissible testimony that was not presented at a bench trial.  We affirm.

---

[1] This appeal was transferred from the Third Court of Appeals in Austin, Texas pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

## I. BACKGROUND

Appellant and appellee were divorced and in the divorce decree, they were appointed joint managing conservators of the child. Appellant was granted the right to designate the primary residence of the child. On July 25, 2012, appellee filed a petition to modify the final decree of divorce requesting that the right to designate the primary residence of the child be given to her. The trial court held a bench trial on January 7, 2013 through January 10, 2013. On March 6, 2013, the trial court "re-opened" evidence for further hearing, issued interim orders regarding the modification, and ordered the parties to return for a status hearing prior to issuance of the final order. On July 17, 2013, the trial court reconvened and issued its final order finding that there had been a material and substantial change in the circumstances surrounding the child and the parties sufficient to justify modification of the final divorce decree. The trial court granted appellee's motion and ordered that the exclusive right to designate the child's residence be switched from appellant to appellee.[2] This appeal followed.[3]

## II. STANDARD OF REVIEW

We review a trial court's order regarding child custody, control, possession, and visitation for an abuse of discretion. *Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex. App.—Dallas 1999, no pet.). "The trial court is vested with broad discretion to determine which conservator will have the exclusive right to establish the child's primary residence." *Strong v. Strong*, 350 S.W.3d 759, 764–65 (Tex. App.—Dallas 2011, pet. denied) (citing *In re K.L.W.*, 301 S.W.3d 423, 428 (Tex. App.—Dallas 2009, no pet.)). And we will not

---

[2] Appellant and appellee remain joint managing conservators of the child.

[3] Appellant only requested that a partial reporter's record be filed with this Court.

disturb the trial court's judgment unless the record as a whole shows that the trial court abused its discretion. *Id.* (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982); *In re K.L.W.*, 301 S.W.3d at 424). A trial court abuses its discretion when it acts arbitrarily and unreasonably or without reference to any guiding principles. *Id.*

### III. DISCUSSION

By his first and second issues, appellant contends that the trial court erroneously relied on inadmissible evidence. In his first issue, appellant argues that the complained-of evidence was inadmissible pursuant to rule of evidence 804. *See* TEX. R. EVID. 804 (setting out the hearsay exceptions when a declarant is unavailable). In his second issue, appellant argues that the complained-of evidence was inadmissible because it constituted conduct occurring prior to the divorce. Specifically, appellant complains that the trial court stated the following:

> And [appellant], probably what has caused the Court the most concern related to what has happened, and to try to determine what is in the best interest of your child, [], is some of the allegations that have been made against you, and then some that—it is a good thing that courts keep cases, so that we know the history of the case and we know—we know what happened. Part of it is the issues related to domestic violence as related to Mom. The issues of domestic violence as related to a past partner. The issue or the allegations of a date rape. And now we have allegations that you—you know—and, again they are allegations. There are two individuals that came before the court that—last time around—that I kept out, that I did not let go in front of the jury, but had been raised here and obviously—and I heard testimony last time. But I kept it out, and the jury did not hear it.[4]

It appears that appellant argues that the above-quoted statement proves that the trial court relied on the testimony of witnesses who did not actually testify at the bench trial held on January 7, 2013 through January 10, 2013. Appellant maintains that at a

---

[4] The trial court made the complained-of statement on January 10, 2010, at a proceeding entitled, "Court's Ruling." This is the only portion of the reporter's record filed with this Court.

3

prior trial, the trial court excluded evidence from several witnesses "about these types of allegations" and only heard the allegations in a hearing held outside the presence of the jury.[5]  According to appellant, the trial court should not have relied on those witnesses' statements because the statements were inadmissible under rule of evidence 804 and because appellee failed to show that the conduct occurred after the divorce decree was entered.[6]

We disagree with appellant's interpretation of the judge's statement.  The record shows that when making this statement, the judge was explaining her ruling on whether modification of the divorce decree would be in the child's best interest.  The judge stated in relevant part, "And *now* we have allegations that you—you know—and, again they are allegations.  There are two individuals that *came before the court that—last time around— that I kept out*, that I did not let go in front of the jury, *but had been raised here*. . . ." (Emphasis added).  We interpret the judge's statement as documenting that at the prior jury trial, she excluded certain witnesses' testimony, but that during the bench trial, evidence was raised regarding the allegations that those witnesses made.[7]  However, we are unable to determine exactly what evidence was raised at the bench trial because

---

[5] The record from that proceeding has not been filed with this Court.

[6] Appellant claims that the complained-of witnesses did not testify at the bench trial.  However, he then argues that the witnesses' testimony would have been inadmissible under rule of evidence 804.

[7] Later, the judge stated:

> But here we have allegations of the fact that you may be a person of interest in two cars that have been burned of an ex-girlfriend.

> We've got Dr. Dublin's concern.  We've got the therapist's concern.  We've got the guardian ad litem's concern.  And all of that combined together, all of that combined together that affects the court's ruling.

The judge then granted appellee's motion to modify the divorce decree.  Thus, it appears that the judge may have relied on the testimony of the above-mentioned witnesses when she made her ruling.

appellant has not provided the Court with the reporter's record. Thus, as we interpret the judge's remarks, the evidence regarding the witnesses' allegations may have been admitted at the bench trial by other means. *See In re E.A.K.*, 192 S.W.3d 133, 148 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (explaining that any error in the admission of evidence is generally deemed harmless if the same or similar evidence is subsequently introduced without objection). In addition, we are unable to determine if transcripts of the complained-of witnesses' testimony were properly authenticated and entered into evidence. *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("In order for testimony from a prior hearing or trial to be considered in a subsequent proceeding, the transcript of that testimony must be properly authenticated and entered into evidence.").

As previously stated, we will not disturb the trial court's judgment unless the record as a whole shows that the trial court abused its discretion. *See Strong*, 350 S.W.3d at 764–65. And, here we have not been provided with the entire record. We must presume that the omitted portions of the record are relevant to this appeal and that the missing evidence supports the trial court's judgment. *See CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 440 (Tex. App.—Fort Worth 1999, no pet.). Moreover, assuming without deciding that the trial court relied on the complained-of testimony, appellant failed to object on any basis when the trial court made its ruling, and appellant has not shown that he objected at any other time. *See* TEX. R. APP. P. 33.1 (requiring specific and timely objection to preserve alleged error).

Finally, appellant has not argued that he was harmed or explained how he was harmed by the trial court's alleged error. *See In re D.O.*, 338 S.W.3d 29, 37 (Tex. App.—

5

Eastland 2011, no pet.) (explaining that once error has been found, the appellate court must determine whether the error is harmful). To show that he was harmed, the appellant has the burden of demonstrating that the complained-of error probably caused the rendition of an improper judgment. *Id.* To obtain reversal for the improper admission of evidence, the appellant must demonstrate that the judgment turns on the particular evidence admitted, and we review the entire record to make this determination. *Id.* at 38. Appellant has not met his appellate burden of demonstrating that he was harmed, thus, even assuming error, we are unable to make such a finding without reviewing the entire record. *See id.* We overrule appellant's first and second issues.

## IV. CONCLUSION

We affirm the trial court's order.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
7th day of August, 2014.

6