

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00594-CV

Josh Michael **CRUZ**,
Appellant

v.

Alicia **CRUZ**,
Appellee

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 15-0953-CV
Honorable Jessica Crawford, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:      Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: December 27, 2018

AFFIRMED

In this appeal arising from a suit affecting the parent-child relationship, appellant Josh Michael Cruz challenges the trial court's final decree of divorce. We affirm the judgment of the trial court.

### BACKGROUND

Josh and appellee Alicia Cruz were married on November 11, 2006 and ceased to live together as husband and wife on August 1, 2011. The parties are the parents of one child, J.M.C., Jr., born in June 2011. Alicia filed for divorce on May 11, 2015. As grounds for divorce, she

pleaded that Josh committed adultery and left her with the intention of abandonment and had remained away for at least one year. The trial court rendered a final decree of divorce granting the divorce on the ground of adultery and naming Alicia joint managing conservator with the right to designate the child's primary residence without regard to geographic location. The trial court ordered Josh to pay $1,238 per month in child support.

In nine issues on appeal, Josh complains the trial court erred in: failing to geographically restrict the child's primary residence and granting Alicia the right to relocate the child's primary residence out of state; distributing the marital estate; calculating the amount of child support in light of travel expenses; ordering passport provisions and unrestricted airline travel for the child; and ordering that the obligations and duties pursuant to temporary orders survive the final judgment and allow enforcement post-judgment.

### POSSESSION AND CONSERVATORSHIP

Josh makes several challenges to the trial court's orders regarding possession and conservatorship. Conservatorship decisions are reviewed for an abuse of discretion. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *In re M.M.M.*, 307 S.W.3d 846, 849 (Tex. App.—Fort Worth 2010, no pet.). "The trial court is in the best position to observe the demeanor and personalities of the witnesses and can 'feel' the forces, powers, and influences that cannot be discerned by merely reading the record." *Bates v. Tesar*, 81 S.W.3d 411, 424 (Tex. App.—El Paso 2002, no pet.). An abuse of discretion does not occur if some evidence of a substantive and probative character exists to support the trial court's decision. *Id.* at 424-25. "Once it has been determined that the abuse of discretion standard applies, an appellate court should engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion?" *Cisneros v. Dingbaum*, 224 S.W.3d 245, 257 (Tex. App.—El Paso 2005, no pet.).

We first address Josh's complaints related to the lack of a geographic restriction on the child's primary residence. Alicia was awarded the exclusive right to designate the child's primary residence without regard to geographic location. Josh argues the trial court abused its discretion in not restricting the geographic location of the child's primary residence because Alicia plans to move with the child to Colorado, thus limiting his contact with the child.

When a court appoints both parents as joint managing conservators, it must designate to one of them the exclusive right to determine the child's primary residence, with or without geographic restrictions. TEX. FAM. CODE ANN. § 153.134(b)(1). When relocation issues are litigated in an original proceeding, the primary consideration is the best interest of the child. *Morgan v. Morgan*, 254 S.W.3d 485, 487-88 (Tex. App.—Beaumont 2008, no pet.); *Cisneros*, 224 S.W.3d at 258. However, it is not the burden of the party seeking to relocate to prove there should not be a domicile restriction. *Cisneros*, 224 S.W.3d at 258.

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002. Section 153.134 is silent as to factors a trial court should consider when determining whether a domicile restriction is in the best interest of the child, but the supreme court has instructed us to consider the public policies outlined in Family Code section 153.001(a). *Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex. 2002); *In re K.L.W.*, 301 S.W.3d 423, 425-26 (Tex. App.—Dallas 2009, no pet.). Section 153.001 states that the public policy of Texas is to:

> (1) assure that children will have frequent and continuing contact with parents who have shown an ability to act in the best interest of the child;
> (2) provide a safe, stable, and nonviolent environment for the child; and
> (3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.

TEX. FAM. CODE ANN. § 153.001(a)(1)-(3).

At the bench trial, Alicia testified that Josh moved out of the family home when J.M.C. was an infant. Shortly after their son was born, Alicia discovered that Josh had been unfaithful during the marriage and had fathered a child with another woman. He has since resided with the other woman and their daughter. Josh took no interest in J.M.C. until he was three years old, and has never exercised his possession during summer, spring break, or holidays. Josh has only exercised overnight possession two weekends per month. Alicia testified that she planned to move to Colorado with J.M.C. because her boyfriend is expecting to be stationed there, but that because her family still resides in Texas, she would be returning to visit at least twice a year and would pay to transport the child to San Antonio at Thanksgiving and during the summer. The final decree also provided that Alicia was to pay for the child's spring vacation travel during the years of Josh's visitation.

Josh testified that he currently picks up his son from school on Wednesdays, Thursdays, and Fridays and drops him at Alicia's house, which is about five minutes from the school; Josh also has possession on alternating weekends. Josh is the assistant coach for his son's baseball team, and sees him at least twice a week during baseball season for practices and games. Josh stated he had not previously exercised summer visitation because he did not realize he was entitled to a 30-day visit during the summer. Josh testified that a move to Colorado would be "detrimental" to his relationship with J.M.C.

Evidence from the bench trial shows no bad-faith or ill motive on Alicia's part for desiring to leave Texas. Rather, Alicia testified that Texas is her home state and that because her daughter and mother live in Texas, she would return at least annually to visit. It was apparent that both parties provide love and care to J.M.C. and were willing to work together to meet his needs. Alicia testified that she would do what she could to facilitate the long-distance relationship between Josh and J.M.C., including allowing for electronic communication like Skype. On this record, we

conclude the trial court made a reasonable decision based on the evidence presented, it did not act in contravention to the public policy of assuring frequent and continuing contact, nor did it otherwise err in its application of its discretion. Thus, the trial court did not abuse its discretion when it declined to impose a geographic restriction on Alicia's right to determine the child's primary residence. Josh's first three issues are overruled.

In his ninth issue,[1] Josh argues the trial court abused its discretion when it failed to award him alternate beginning and end times pursuant to section 153.317 of the Texas Family Code. Specifically, Josh complains the divorce decree provides for extended possession when Josh is residing less than 100 miles from the child's residence, but does not so provide when Josh resides more than 100 miles from the child's residence.

Section 153.317(b) provides:

> A conservator must make an election under Subsection (a) before or at the time of the rendition of a possession order. The election may be made:
> (1) in a written document filed with the court; or
> (2) through an oral statement made in open court on the record.

*Id.* § 153.317(b). The record before us does not reflect, nor does Josh present evidence of, any election by him to be awarded an alternative standard possession order under section 153.317(a). *See Schindler v. Schindler*, No. 13-16-00483-CV, 2018 WL 3151857, at *5 (Tex. App.—Corpus Christi June 28, 2018, no pet.) (mem. op.). Therefore, the trial court did not abuse its discretion by granting standard possession. Josh's ninth issue is therefore overruled.

In his sixth issue, Josh complains the trial court abused its discretion in ordering passport provisions. Alicia argues Josh has waived this issue on appeal due to inadequate briefing. We agree.

---

[1] Josh did not identify this issue as one of the eight delineated issues in his "Issues Presented," but made the argument within the body of his brief.

Adequate briefing is required by the Texas Rules of Appellate Procedure. *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). One requirement for an adequate brief is that it must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see also In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied), overruled on other grounds by *Archer v. Anderson*, 406 S.W.3d 228 (Tex. 2018). "Failure to satisfy this requirement waives the issue on appeal." *Id.*

Here, the entirety of Josh's argument regarding the passport provisions is as follows:

The trial court awarded extensive passport provisions without any testimony from Appellant or Appellee as to the reasons, necessity, and terms to be included in the Final Decree of Divorce. *See* C.R. P. 42-43. Accordingly, the trial court abused its discretion in awarding the relief and the issue should be reversed and remanded for further testimony.

Because he cites no authority, we conclude Josh has waived this issue on appeal. *See* TEX. R. APP. P. 38.1(i). Josh's sixth issue is overruled.

Finally, in his seventh issue, Josh argues the trial court erred in awarding long-distance access and visitation provisions for the child governing the arrangements for the travel of the child to and from Josh. At the bench trial, Alicia made a request to move from Texas to Colorado. The evidence showed that Josh was employed in San Antonio and had no possibility of transferring to another city. Given the trial court's decision not to impose a geographic restriction on the child's primary residence, the trial court ordered long-distance access and visitation. The trial court could have determined that due to the distance between San Antonio and Colorado, as well as the fact that the standard possession schedule would have the child traveling at least twelve times per year, that airline travel would be a convenient option. The trial court had sufficient evidence upon which to order long-distance access and visitation and did not abuse its discretion in doing so. Josh's seventh issue is overruled.

**DIVISION OF THE MARITAL ESTATE**

In his fourth issue, Josh complains the trial court abused its discretion in dividing the community assets and debts. He states that "the trial court failed to obtain evidence supporting the marital estate's final value" and specifically challenges the trial court's ruling on the division of the credit card debt, residence, household furnishings, bank accounts, retirement accounts, VA disability, and vehicles.

Section 7.001 of the Family Code provides that, upon the dissolution of a marriage, the trial court shall divide the marital estate in a manner that is just and right. *See* TEX. FAM. CODE ANN. § 7.001. Whether the court made a proper distribution of a marital estate is reviewed using an abuse of discretion standard. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). Legal and factual insufficiency are relevant factors in assessing whether the trial court abused its discretion. *See Wiedenfeld v. Markgraf*, 534 S.W.3d 14, 18 (Tex. App.—San Antonio 2017, no pet.).

Seven exhibits[2] were admitted at trial, but are not part of the reporter's record on appeal. The court reporter noted in the reporter's record that the exhibits were retained by counsel. The burden is on the appellant to bring forward a record showing error requiring reversal. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). A reporter's record consists of a transcription of the proceedings that the parties to the appeal designate "and any of the exhibits." TEX. R. APP. P. 34.6(a). Without a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards. *See Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) (per curiam); *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.).

---

[2] Petitioner's seven exhibits were: 1) school calendar holiday list; 2) credit card statement; 3) credit card statement; 4) credit card statement; 5) bank statement for joint account; 6) Alicia Cruz's retirement account statement; and 7) Respondent's financial documents.

We hold that exhibits 2-6 were necessary for disposition of the property division issue. In the absence of a complete reporter's record, we will presume that sufficient evidence was introduced to support the trial court's judgment. *See In re Tyler*, 408 S.W.3d 491, 495 (Tex. App.—El Paso 2013, no pet.) (holding no abuse of discretion where appellant failed to file complete reporter's record). Given this presumption, we cannot hold that the trial court abused its discretion in dividing the marital estate. Thus, Josh's fourth issue is overruled.

## CHILD SUPPORT

In his fifth issue, Josh complains the trial court abused its discretion in calculating child support in light of the travel expenses and additional factors set forth in section 154.123 of the Family Code. We review a trial court's determination of child support under an abuse of discretion standard. *Melton v. Toomey*, 350 S.W.3d 235, 238 (Tex. App.—San Antonio 2011, no pet.); *In re M.P.M.*, 161 S.W.3d 650, 654 (Tex. App.—San Antonio 2005, no pet.). "A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles." *Newberry v. Bohn-Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.). "Legal and factual sufficiency challenges are not independent grounds of error; rather, they are relevant factors in assessing whether the trial court abused its discretion." *Id.* When an appellant alleges the trial court abused its discretion because the evidence was insufficient, we employ a two-prong test: (1) we first ask whether the trial court had sufficient information on which to exercise its discretion; and (2) second, we determine whether the trial court abused its discretion by causing the child support order to be manifestly unjust or unfair. *Id.*

Under section 154.062 of the Texas Family Code, the trial court must first calculate an obligor's net resources for purposes of determining child support liability. TEX. FAM. CODE ANN. § 154.062. The trial court then sets the amount of child support by applying the child support guidelines set forth in section 154.125 of the Code, which for one child is set at 20% of the

obligor's net resources. *Id.* at § 154.125. Section 154.123(a) then provides that the court may order the child support payments to vary from the guidelines if the evidence rebuts the presumption that the application of the guidelines is in the best interest of the child and justifies a variance from the guidelines. *Id.* at § 154.123(a). One factor the trial court may consider in determining whether the application of the guidelines would be unjust or inappropriate is the cost of travel in order to exercise possession of and access to a child. *Id.* at § 154.123(b)(14).

Here, the record contains a paucity of information regarding Josh's net resources. Alicia testified that Josh's net income was, on an average monthly basis, almost $6,000. Exhibits containing child support calculation models were apparently admitted, but, as previously noted, the reporter's record does not contain any exhibits. The party complaining of an abuse of discretion has the burden to bring forth a record showing such abuse. *Simon*, 739 S.W.2d at 795. Absent such a record, the reviewing court must presume that the evidence before the trial court was adequate to support the decision. *Id.* Because Josh failed to produce a complete reporter's record containing documentation of his net resources, we are unable to conclude the trial court's child support award was an abuse of discretion. In any event, Josh did not present any evidence of the cost of the travel; therefore, the record contains no evidence that the cost of travel would be so great as to prevent his proper support of the child. *See In re A.M.*, No. 04-16-00335-CV, 2017 WL 1337648, at *3 (Tex. App.—San Antonio Apr. 12, 2017, no pet.) (mem. op.) (holding trial court did not abuse its discretion in ordering father to pay child's travel expenses where father failed to present any evidence of the cost of the travel). Thus, on this record, we cannot conclude the trial court abused its discretion in determining the amount of child support Josh was ordered to pay. Josh's fifth issue is overruled.

**POST-JUDGMENT ENFORCEMENT OF TEMPORARY ORDERS**

In his eighth issue, Josh argues the trial court erred in ordering that "all obligations and duties for temporary support imposed by the temporary orders of this Court that are not yet discharged shall survive this judgment, and independent enforcement may be sought." This court has previously held that "[a] final judgment does not nullify an award for temporary child support that is still due at the time of the judgment." *In re Gonzalez*, 993 S.W.2d 147, 156 n.2 (Tex. App.—San Antonio 1999, no pet.) (citing *Coke v. Coke*, 802 S.W.2d 270, 273 (Tex. App.—Dallas 1990, writ denied); *Ex parte Shaver*, 597 S.W.2d 498, 500 (Tex. Civ. App.—Dallas 1980, orig. proceeding)). Thus, we disagree that the trial court erred in this regard. Josh's eighth issue is overruled.

**CONCLUSION**

Having overruled each of Josh's issues on appeal, we affirm the trial court's Final Decree of Divorce.

Rebeca C. Martinez, Justice